UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANA CECILIA MEWA MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1840-B |
| | § | |
| TONY BRYSON, *Dallas District Director,* | § | |
| *United States Citizenship & Immigration* | § | |
| *Services,* and KENNETH CUCCINELLI, | § | |
| *Senior Official Performing the Duties of the* | § | |
| *Director, United States Citizenship &* | § | |
| *Immigration Services,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss (Doc. 5) filed by Defendants Tony Bryson and Kenneth Cuccinelli, acting within their respective official capacities as Dallas District Director and Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Services (USCIS). For the reasons that follow, the Court **GRANTS** Defendants' motion to dismiss insofar as they seek to dismiss Plaintiff Ana Cecilia Mewa Martinez ("Mewa")'s complaint (Doc. 1) for failure to state a claim upon which relief may be granted. Mewa's complaint is **DISMISSED WITHOUT PREJUDICE**.

I.

## BACKGROUND[1]

Mewa is a citizen of Venezuela and currently resides in Rowlett, Texas. Doc. 1, Compl., 2. Mewa entered the United States in 2007 and was granted the status of lawful permanent resident on April 5, 2013. *Id.* at 3; Doc. 5, Defs.' Mot, 1. On March 28, 2019, Mewa applied for naturalization with the USCIS. Doc. 1, Compl., 4; Doc. 5, Defs.' Mot., 1. She claims that "[t]he USCIS scheduled [her] to appear at the USCIS Dallas District Office on December 3, 2019 for an examination on the application," but was told on the scheduled date that the examination was postponed. Doc. 1, Compl., 4.

On June 19, 2020, USCIS served Mewa with a Notice to Appear for a removal proceeding. *Id.* at 5; Doc. 5, Defs.' Mot., 1. The Notice to Appear alleges that "[a]t the time of [Mewa's] admission [she] did not possess or present a valid labor certification issued by the Secretary of Labor, nor [was she] properly exempted therefrom." Doc. 6-1, Defs.' App., 6, 8. On June 24, 2020, the USCIS filed the Notice to Appear with the immigration court. Doc. 5, Defs.' Mot., 2; Doc. 8-1, Pl.'s Br., 3; *see* Doc. 6-1, Defs.' App., 5.

On July 13, 2020, Mewa filed a complaint against Defendants in this Court, "seek[ing] an order in the nature of mandamus to compel Defendants to decide [her naturalization] application within a reasonable time." Doc. 1, Compl., 7. On September 14, 2020, Defendants filed a motion seeking dismissal for (1) lack of subject-matter jurisdiction and (2) failure to state a claim. Doc. 5, Defs.' Mot., 9, 10 n.9. Mewa filed a response to the motion (Doc. 8) on October 5, 2020, and

---

ÅUSUS.,ê

Defendants filed a reply in support of their motion (Doc. 9) on October 15, 2020. The motion is ripe for review.

## II.

## LEGAL STANDARD

A.  *Subject-Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). For that reason, they can adjudicate claims only when subject-matter jurisdiction "is expressly conferred by the Constitution and federal statute. Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through which" a party may challenge federal jurisdiction. *Armstrong v. Tygart*, 886 F. Supp. 2d 572, 584 (W.D. Tex. 2012) (citations omitted).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *MacKenzie v. Castro*, 2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016). A facial challenge occurs "when a party files a Rule 12(b)(1) motion without including evidence." *Id.* A factual challenge, by contrast, occurs when a party supports its Rule 12(b)(1) motion with evidence. *Id.* In both cases, the burden of proof "is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Yet that is no high bar: "[I]t is extremely difficult to dismiss a claim for lack of subject[-]matter jurisdiction." *Santerre v. AGIP Petroleum Co.*, 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260 (11th Cir. 1997)).

For a facial challenge, courts consider just "the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). But this is a factual challenge. Mewa enjoys no presumption of truthfulness here. *Williamson v. Tucker*, 645 F.2d 404,

412–13 (5th Cir. 1981). Instead, she must "prove subject[-]matter jurisdiction by a preponderance of the evidence." *MacKenzie*, 2016 WL 3906084, at *2 (citing *Paterson*, 644 F.2d at 523).

B.      *Failure to State a Claim*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir.2007) (citation omitted).

In order to survive a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

## III.

## ANALYSIS

The question before the Court is whether a pending removal proceeding affects the Court's ability to consider and render relief in this case. Mewa claims that the Court should issue an order compelling the USCIS to decide her naturalization application because the USCIS has failed "to adjudicate the application within a reasonable time." Doc. 1, Compl., 7. Defendants, however, point to the federal statute governing naturalization proceedings, 8 U.S.C. § 1429, which states that "no application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest . . . ." Doc. 5, Defs.' Mot., 6.

Mewa argues that § 1429 does not preclude the Court from granting an order to compel adjudication of her naturalization application because § 1429 only applies once "a warrant of arrest has been issued," which Mewa claims has not occurred. Doc. 8-1, Pl.'s Br., 4. However, as Defendants point out, applicable regulations provide that "a notice to appear . . . shall be regarded as a warrant of arrest." Doc. 9, Defs.' Reply, 3 (quoting 8 C.F.R. § 318.1). Thus, as a preliminary matter, the Court finds that, due to the issuance of the Notice to Appear, a removal proceeding is pending, as defined by § 1429. *See* 8 C.F.R. § 318.1.

Based on § 1429, Defendants claim that the Notice to Appear (1) strips the Court of its jurisdiction to compel the USCIS to adjudicate Mewa's naturalization application, Doc. 5, Defs.' Mot., 9–10, and, alternatively, (2) renders the Court's jurisdiction "futile," as any relief for Mewa's claim cannot be granted at this time. *Id.* at 10 n.9. The Court addresses each of Defendants' arguments in turn.

A.     *Subject-Matter Jurisdiction*

The Administrative Procedure Act (APA) requires the adjudication of agency applications—such as naturalization applications—"within a reasonable time," and authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. §§ 555(b), 706; *see M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 594 (W.D. Tex. 2019) (citations omitted). Likewise, the Mandamus Act gives federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361; *see also Sawan v. Chertoff*, 589 F. Supp. 2d 817, 822 (S.D. Tex. Nov. 18, 2008) (The APA and Mandamus Act are "merely different means of compelling an agency to take action which by law it is required to take" (citation omitted)).

Defendants do not deny the Court's general authority to compel the USCIS to adjudicate applications for naturalization. Doc. 5, Defs.' Mot., 5. They contend, however, that the USCIS may effectively strip the Court of its congressionally granted authority by initiating a removal proceeding under § 1429. *Id.* at 8. Defendants argue that "[t]he APA prohibits judicial review of an agency action if (1) a statute precludes judicial review, or (2) the agency action is committed to agency discretion by law." *Id.* at 5 (quotation marks omitted) (quoting *McAleenan*, 420 F. Supp. 3d at 594–95). Citing § 1429's language that "no application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding[,]" Defendants conclude that the Court lacks subject-matter jurisdiction to decide this case. *Id.* at 5–7. The Court disagrees.

In support of their argument, Defendants rely largely on *Saba-Bakare v. Chertoff*, wherein the Fifth Circuit affirmed the district court's holding that it lacked subject-matter jurisdiction to review

the USCIS's denial of the plaintiff's application for naturalization or to declare the plaintiff eligible for naturalization. *Saba-Bakare v. Chertoff*, 507 F.3d 337, 340–42 (5th Cir. 2007). However, *Saba-Bakare* does not control the Court's decision here for a variety of reasons.

First, the plaintiff in *Saba-Bakare* sought to have the district court "declare him prima facie eligible for naturalization and/or review the USCIS's determination that he is not prima facie eligible for naturalization." 507 F.3d at 340. Here, Mewa does not ask this Court to decide whether she is eligible for naturalization. Instead, she requests that "the Court order Defendants to decide the application[.]" Doc. 1, Compl., 7. Section 1429 prohibits consideration of an application for naturalization while a removal proceeding is pending. It does not, however, prohibit consideration of whether the USCIS has failed to decide the application within a reasonable time—the issue Mewa asks the Court to decide.

Second, the Fifth Circuit did not hold in *Saba-Bakare* that § 1429 deprives a court of the jurisdiction to consider whether a plaintiff is *prima facie* eligible for naturalization, let alone the jurisdiction to consider whether the USCIS's delay in deciding an application is reasonable. *See* 507 F.3d at 340. Instead, it held that § 1429 required the plaintiff to "wait until the termination of the removal proceeding before either a district court or the USCIS entertains a question regarding his naturalization application," finding that "[e]ven if jurisdiction exists . . . , invoking jurisdiction . . . would be futile." *Id.*

Although, as Defendants point out, the APA prohibits judicial review where review is statutorily precluded, nothing in § 1429's language prohibits the Court from reviewing the reasonableness of the USCIS's delay in adjudicating Mewa's application for naturalization. Section

1429 instead restricts the timing of consideration of the application itself. Moreover, it is unlikely that § 1429 precludes judicial review of naturalization applications rather than merely limiting the availability of remedies. *See Martinez v. Johnson*, 104 F. Supp. 3d 835, 842 (W.D. Tex. 2015) ("The majority of appellate courts to consider whether § 1429 wholly deprives district courts of jurisdiction have concluded that the section has no such effect. Instead, these courts have found that § 1429 limits the availability of remedies . . . ." (collecting cases)). Accordingly, the Court rejects Defendants' argument that the Court lacks subject-matter jurisdiction.

B.     *Failure to State a Claim*

Alternatively, Defendants argue that Mewa's complaint should be dismissed because she fails to state a claim upon which relief can be granted. Doc. 5, Defs.' Mot., 10 n.9. The Court agrees.

While the Court has jurisdiction over this case, "invoking jurisdiction . . . would be futile." *Saba-Bakare*, 507 F.3d at 340. In amending § 1429 to prohibit consideration of a naturalization application while a removal proceeding is pending, Congress sought "to prevent a 'race' between the alien to gain citizenship and the government to deport[.]" *Ogunfuye v. Acosta*, 210 F. App'x 364, 366 (5th Cir. 2006) (citations omitted). Although the APA authorizes the Court to address the administrative delay by compelling the USCIS to adjudicate an application for naturalization, any adjudication that the Court may compel "is controlled by § 1429, and § 1429 requires that [Mewa] wait until the termination of the removal proceeding before . . . the USCIS entertains a question regarding [her] naturalization application." *Saba-Bakare*, 507 F.3d at 340. In other words, the Court may not compel the USCIS to violate § 1429 by adjudicating Mewa's application before the removal proceeding has concluded. *See id.* The Court may not at this time grant the relief that Mewa seeks

and Mewa, therefore, has not stated a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** Mewa's complaint **WITHOUT PREJUDICE**.

## IV.

## CONCLUSION

The Court cannot grant the relief Mewa seeks at this time, so the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 5) insofar as they seek to dismiss Mewa's complaint for failure to state a claim upon which relief may be granted. Accordingly, Mewa's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

By dismissing Mewa's complaint without prejudice, the Court permits Mewa to file a subsequent complaint after the termination of her removal proceeding.

**SO ORDERED.**

**SIGNED: January 26, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE